DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied the postconviction relief motion of defendant-appellant, Christopher Kelly, to correct or vacate his sentence.
 {¶ 2} On August 29, 2002, appellant was sentenced to a total of nine years in prison after he pleaded no contest to two counts of aggravated robbery. In particular, the trial court sentenced appellant to two four-year terms of incarceration on the aggravated robbery counts and an additional one year term on a firearm specification. The court then ordered that those terms be served consecutively. Appellant did not file a direct appeal from that conviction and sentence. Subsequently, on May 25, 2005, appellant filed a motion to correct improper sentence on the grounds enunciated by the United States Supreme Court in Blakelyv. Washington (2004), 542 U.S. 296. The lower court denied the motion. Appellant's appeal now challenges that judgment through the following assignments of error:
 {¶ 3} "Assignment of Error #1: The trial court erred in departing form [sic] the minimum sentence without submitting evidence to a jury to be found beyond a reasonable doubt in violation of the appellant's right to due process.
 {¶ 4} "Assignment of Error #2: The trial court erred in failing to submit evidence used to enhance the sentence to a jury to be found beyond a reasonable doubt in violation of the appellant's right to due process.
 {¶ 5} "Assignment of Error #3: The trial court erred in not making the findings of the facts necessary to impose consecutive sentences as required by R.C. 2929.14(E)(4) and 2929.19(B)(2)(c)."
 {¶ 6} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Supreme Court of Ohio recently held that R.C.2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to Blakely, supra andApprendi v. New Jersey (2000), 530 U.S. 466. The court then held that severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra at ¶ 96, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. at ¶ 104. That is, consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the court inFoster only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 7} The Supreme Court of Ohio has held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997),79 Ohio St.3d 158, syllabus; see, also, State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993. Although appellant did not file a direct appeal from his conviction and sentence, because he challenged the constitutionality of his sentence, the lower court properly considered the motion as a petition for postconviction relief. Accordingly, appellant was required to comply with R.C.2953.21(A)(2), which reads:
 {¶ 8} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 9} Appellant's petition was clearly untimely. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for postconviction relief unless both of the following apply:
 {¶ 10} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 11} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 12} As we stated above, in Booker, supra, the United States Supreme Court limited its holdings in Blakely andApprendi to cases on direct review. Similarly, in Foster, the Supreme Court of Ohio limited the retroactive application of that decision to cases on direct review. Appellant's case is not presently before this court on direct review from his conviction and sentence. Rather, it is before us on appeal from a denial of his petition for postconviction relief. Such actions are civil in nature and are a means of collaterally attacking a criminal conviction. State v. Calhoun (1999), 86 Ohio St.3d 279, 281. Accordingly, appellant did not make the requisite showing to file an untimely petition for postconviction relief and the trial court was without jurisdiction to review the petition.
 {¶ 13} The three assignments of error are not well-taken.
 {¶ 14} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.