OPINION
{¶ 1} Appellant Johnny Vernon Brack appeals the November 4, 2005, Judgment Entry of the Stark County Court of Common Pleas dismissing his July 26, 2005 motion to have his sentence vacated.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In 2000, Appellant Johnny Vernon Brack charged with one count each of tampering with evidence, in violation of R.C.2921.12(A)(1), a third degree felony, and possession of cocaine, in violation of R.C. 2925.11(A), a fourth degree felony.
 {¶ 4} The charges arose from an incident where Appellant attempted to eat the cocaine he had in his possession when he was confronted by police.
 {¶ 5} Appellant entered a plea of not guilty to the charges.
 {¶ 6} The case proceeded to trial by jury which found Appellant guilty as charged in the indictment.
 {¶ 7} The trial court sentenced Appellant to a prison term of five years on the tampering charge, and a consecutive 18 month term on the possession charge, for an aggregate prison term of 6½ years.
 {¶ 8} Appellant filed a direct appeal of his convictions and sentences to this Court which raised five assignments of error. See State v. Brack (Jan. 29, 2001), Stark App. No. 2000-CA-00216, unreported. None of the assignments of errors challenged the legality of the sentence; one of the assigned errors did challenge the sufficiency and manifest weight of the evidence. This Court overruled each of the Assignments of Error raised in said appeal and affirmed Appellant's convictions and sentences. The Ohio Supreme Court later declined to accept Appellant's appeal from the decision of this Court.
 {¶ 9} During the pendency of these appeals, Appellant filed with the trial court a "Motion for Relief From Sentence Based Upon Structural Error in the Jury Proceedings."
 {¶ 10} The trial court denied this motion, treating it as a petition for post-conviction relief under R.C. 2953.21. Appellant did not appeal the trial court's decision on said motion.
 {¶ 11} In 2003, Appellant filed a "Motion to Correct And/Or Vacate An Incorrect Sentence." The trial court, treating this motion as one for judicial release, summarily overruled it.
 {¶ 12} Appellant filed an appeal from this ruling, which was later dismissed. See State v. Brack, Stark App. 2003-CA-00389 (appeal dismissed Apr. 26, 2004).
 {¶ 13} In 2004, the trial court vacated its order of dismissal deciding to treat said motion as a motion for a hearing as opposed to one for judicial release. The trial court overruled the motion once again.
 {¶ 14} On July 26, 2005, Appellant filed the motion that is the subject of this appeal, seeking to have his sentence vacated. The motion was styled as a Civ. R. 60(B) motion. In said motion, Appellant challenged his criminal sentence on Apprendi-Blakely
grounds.
 {¶ 15} The State filed a response, arguing that the motion constituted a second post-conviction relief petition and that dismissal and summary judgment should be granted.
 {¶ 16} By judgment entry filed November 4, 2005, the trial court dismissed Appellant's motion.
 {¶ 17} In dismissing the motion and granting the State's motion for summary judgment, the trial court treated Appellant's motion in the alternative, i.e., as a valid Civ. R. 60(B) motion and as a R.C. 2953.21 petition for post-conviction relief. {¶18} In its Entry, the trial court noted that Civ.R. 60(B) relief is applicable only to civil actions, and thus is limited to R.C.2953.21 proceedings in the context of a criminal case:
 {¶ 19} "A motion to vacate pursuant to Civ.R. 60(B) may be used in a criminal case only when a defendant has filed a petition for post-conviction relief pursuant to R.C. 2953.21 and a defendant seeks to have the court revisit its ruling on the said petition. . . . Although it appears as though Brack is attempting to challenge the sentence itself and not the denial of his petition for post-conviction relief through his Civ. R. 60(B) challenge, the Court will address the motion as though it applies to the petition for post-conviction relief." State v. Brack,
Stark County Court of Common Pleas Case No. 2000-CR-0426(A), Judgment Entry (filed Nov. 4, 2005).
 {¶ 20} Appellant's earlier post-conviction relief petition challenged the constitutionally of his conviction on the grounds that he was illegally tried by an anonymous jury. In said petition, Appellant relied upon this Court's opinion in State v.Hill (2000), 136 Ohio App.3d 636, 737 N.E.2d 577, reversedState v. Hill, 92 Ohio St.3d 191, 2001-Ohio-141, 749 N.E.2d 274
(holding that anonymous jury is not plain error) in support. Appellant's Civ.R. 60(B) motion, however, only raised a Blakely
issue. The trial court thus held that Civ.R. 60(B) relief was unwarranted in this case:
 {¶ 21} ". . . Upon review, the Court finds that Brack has failed to demonstrate that he is entitled to relief from this Court's ruling on his previous petition for post-conviction relief. Specifically, the Court finds that the holding inBlakely does not, in any way, affect this Court's ruling on the prior petition, as Blakely addresses the issue of sentencing, not the issue of whether a defendant is prejudiced by an anonymous jury. Further, Brack has failed to demonstrate that he is entitled to relief from judgment based upon Blakely for any of the reasons set forth in Civ.R. 60(B). Moreover, Brack has failed to show that Blakely entitles him to a meritorious defense of his petition."
 {¶ 22} The trial court reviewed Appellant's motion as if it were a post-conviction relief petition per R.C. 2953.21. The trial court ruled that the petition constituted a successive and untimely petition not saved by R.C. 2953.23(A), that the underlying Blakely claim was without merit, and that theBlakely claim was res judicata.
 {¶ 23} On these grounds, the trial court overruled the motion, dismissed the petition, and granted summary judgment to the State of Ohio.
 {¶ 24} It is from this judgment entry that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 25} "I. THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 26} "II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES WITHOUT COMPLYING WITH THE STATUTORY CRITERIA OR MAKING THE REQUISITE FINDINGS.
 {¶ 27} "III. A SENTENCING JUDGE EXCEES [SIC] HIS PROPER AUTHORITY WHEN HE INFLICTS PUNISHMENT THAT THE JURY'S VERDICT ALONE DOES NOT ALLOW, AS THE JURY HAS NOT FOUND ALL THE FACTS WHICH THE LAW MAKES ESSENTIAL TO THE PUNISHMENT."
 {¶ 28} Appellant has failed to attached a copy of the judgment entry appealed from to his brief, as required by this Court's Local App. R. 9(A)(1), which requires that "[i]n addition to the requirements of App. R. 16, the brief of appellant shall contain clear copies of the following: The judgment entry appealed from;. . .". Failure to comply with this rule may result in the dismissal of the appeal for want of prosecution. See State v. Williams (Feb. 13, 1984), Fairfield App. No. 42-CA-83, unreported, (applying former Local App. R. 4(A)).
 I. {¶ 29} In his first assignment of error, Appellant argues that the trial court's finding of guilt was against the manifest weight and sufficiency of the evidence.
 {¶ 30} A review of the record reveals that Appellant failed to raise this issue in his 60(B) motion at the trial court level and argues it for the first time on appeal. We find that Appellant therefore has waived review of this issue by failing to raise it at the trial level. See State v. Awan (1986),22 Ohio St.3d 120.
 {¶ 31} Appellant's first assignment of error is overruled.
 II. {¶ 32} In his second assignment of error, Appellant argues that the trial court erred in sentencing him to consecutive sentences without complying with the statutory criteria or making the requisite findings. We disagree.
 {¶ 33} The trial court, in its Entry, rejected Appellant's challenge to his consecutive sentences on the basis that his post-conviction petition did not challenge his sentence, only an anonymous jury issue. The trial court also found that this claim was res judicata as such was a claim that could have been raised in his direct appeal.
 {¶ 34} Additionally, the trial court found that as a petition for post-conviction relief, Appellant's petition was an untimely filed, successive petition.
 {¶ 35} Upon review, we find that the trial court did not err in denying Appellant's motion on the above grounds. We find that Appellant's Civ.R. 60(B) motion was limited to the issue concerning the anonymous jury as that was the only issue raised in the original post-conviction relief petition, and that his arguments related to the imposition of consecutive sentences was outside of the scope of the Civ.R. 60(B) motion.
 {¶ 36} We also agree with the trial court's finding that such an argument was barred by the doctrine of res judicata.
 {¶ 37} Appellant's second assignment of error is overruled.
 III. {¶ 38} In his third assignment of error, Appellant argues that his sentence is unconstitutional pursuant to Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 39} Again, we find that Appellant's sentence is outside of the scope of this appeal in that this appeal is limited to the trial court's ruling on his Civ.R. 60(B) motion which was limited to the issue of the anonymous jury raised in his original post-conviction relief petition.
 {¶ 40} Furthermore, the United States Supreme Court has not made the decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 retroactive to cases already final on direct review. See In re Dean (11th Cir. 2004),375 F.3d 1287, 1290 ("Because Blakely, like Ring, is based on an extension of Apprendi, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); McBride v. State (Fla.Dist.Ct.App. 2004),884 So.2d 476, 478 ("We further hold that Blakely does not apply retroactively to cases on collateral review."); State v.Petschl (Minn.Ct.App. 2004), 688 N.W.2d 866, 2004 WL 2663594, at *7 ("Blakely has the same procedural effect as Apprendi,
increasing the accuracy of the sentence but not the conviction. Because the Blakely rule does not improve the accuracy or fairness of a trial, we conclude that it is not a watershed rule subject to retroactive application on collateral review."). This Court as well as numerous other courts around the State have found Blakely does not apply retroactively to cases already final on direct review. State v. Craig, Licking App. No. 2005CA16, 2005-Ohio-5300; State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review).
 {¶ 41} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio recently held that R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to Blakely, supra and Apprendiv. New Jersey (2000), 530 U.S. 466. The court then held that severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra at ¶ 96, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. at ¶ 104. That is, consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the court inFoster only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 42} As previously stated, in Booker, supra, the United States Supreme Court limited its holdings in Blakely andApprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review.
 {¶ 43} Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12; State v. Smith, 9th Dist. No. 05CA008772, 2006-Ohio-2045 at ¶ 9; State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280 at ¶ 13.
 {¶ 44} We therefore find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. Id.
 {¶ 45} Therefore, we find appellant's argument based uponBlakely unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 46} Appellant's third assignment of error is overruled.
 {¶ 47} This cause is affirmed.
By: Boggins, J. Hoffman, P.J and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.