OPINION
{¶ 1} Appellant Joseph A. Zenk appeals the June 8, 2006, denial of his petition for post-conviction relief by the Stark County Court of Common Pleas.
 {¶ 2} Appellee is State of Ohio.
 {¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} On January 31, 2003, Appellant Joseph Zenk pled guilty to two counts of theft from an elderly person or disabled adult, a violation of R.C. § 2913.02(A)(2) and one count of passing bad checks in violation of R.C. § 2913.11(A).
 {¶ 7} The trial court placed Appellant on probation.
 {¶ 8} Appellant's probation was revoked and he was sentenced to twenty seven months in prison.
 {¶ 9} Appellant did not file a direct appeal of his sentence or conviction.
 {¶ 10} Appellant did file two motions for judicial release and a petition for post-conviction relief.
 {¶ 11} Appellant's petition for post-conviction relief was filed on June 5, 2006.
 {¶ 12} In his said Petition, Appellant argued that the social security checks he admitted to stealing in 2003 from one James Penix were not in fact really stolen. Appellant now alleges that he had a power of attorney allowing him to cash them.
 {¶ 13} By Judgment Entry dated June 8, 2006, the trial court denied Appellant's Petition.
 {¶ 14} It is from the denial of his petition that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 15} "I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITION WITHOUT PROVIDING FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 I. {¶ 16} In his sole assignment of error, appellant argues that the trial court committed error when it denied his post-conviction relief petition without providing findings of fact and conclusions of law. We disagree.
 {¶ 17} In the Judgment Entry in the instant case, the trial court cited five separate reasons for its denial of Appellant's petition, including R.C. § 2953.14(A)(1) and (A)(2) which requires Post-Conviction Relief Petitions to be filed within 180 days after the expiration of the time for filing the appeal.
 {¶ 18} As no direct appeal was filed by Appellant, he was required to file his petition within 180 days after the expiration of the time for filing the appeal. Appellant did not appeal during this time period.
 {¶ 19} R.C. § 2953.23 governs untimely filed petitions for post-conviction relief. Under the statute, a trial court may not entertain an untimely filed petition for post-conviction relief unless it meets certain conditions:
 {¶ 20} "(1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies upon in the petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and
 {¶ 21} "(2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial."
 {¶ 22} Appellant had not offered any justification as to the untimely filing of said Petition. Appellant never argued that R.C. § 2953.23 applied to his petition.
 {¶ 23} Appellant has failed to meet his burden under R.C.2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399; State v. Smith, 9th Dist. No. 05CA008772, 2006-Ohio-2045; State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280.
 {¶ 24} We find, therefore, that the trial court did not err in denying Appellant's Petition for Post-Conviction Relief as untimely and that the trial court was not required to issue findings of fact ad conclusions of law.
 {¶ 25} Appellant's sole assignment of error is overruled.
 {¶ 26} This cause is affirmed.
By: Boggins, J. Gwin, P.J and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.