DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Henry L. Stepler, appeals the decision of the Summit County Court of Common Pleas, which denied his motion for post-conviction relief This Court affirms.
 I. {¶ 2} Appellant was convicted after jury trial of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), two counts of importuning in violation of R.C. 2907.07(A), and two counts of intimidation of crime victims or witnesses with both victims being under thirteen years of age in violation of R.C. 2921.04(B). On appeal, this Court affirmed appellant's convictions, but remanded the cause for re-sentencing so that the trial court could impose post-release control.State v. Stepler, 9th Dist. No. 22420, 2005-Ohio-2973. On remand, appellant was re-sentenced to a total of ten years in prison by entry dated July 18, 2005. Appellant did not file a direct appeal.
 {¶ 3} On June 19, 2006, appellant filed a pleading styled Motion To Vacate And/Or Correct Sentence. In that document, appellant argued that he was entitled to a new sentencing hearing based upon the Supreme Court of Ohio's holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Appellant further argued that the remedy he was allegedly entitled to pursuant to Foster was unconstitutional and that he was entitled to the imposition of concurrent, minimum sentences.
 {¶ 4} The State responded on June 22, 2006, arguing that appellant's motion was an untimely motion for post-conviction relief, that appellant had no remedy because R.C. 2953.23 does not reach sentencing issues, and that Foster did not apply to appellant's case since the case was final when Foster was decided.
 {¶ 5} The trial court denied appellant's motion, finding that it was an untimely motion for post-conviction relief and thatFoster did not apply to his case. Appellant timely appealed the trial court's decision, raising five assignments of error for review. Some assignments have been combined and rearranged to facilitate this Court's review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY DETERMINING THAT THE APPELLANT'S MOTION `* * *' IS A MOTION FOR POST CONVICTION RELIEF AS DEFINED IN R.C. 2953.21." AND CITING TO STATE V. REYNOLDS (1997), 9 OHIO ST3D 158 FOLLOWING STATE V. KOLVEK, [9TH DIST. NO. 22966, 22967,] 2006-OHIO-3113."
 FIFTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY NOT GRANTING THE APPELLANT'S MOTION." {¶ 6} In his first and fifth assignments of error, appellant contends that the trial court erred in denying his petition for post-conviction relief. This Court finds no merit in appellant's contentions.
 {¶ 7} This Court reviews a trial court's grant or denial of a petition for post-conviction relief under an abuse of discretion standard. State v. Stallings, 9th Dist. No. 21969, 2004-Ohio-4571, at ¶ 5. An abuse of discretion implies more than an error in judgment; it connotes unreasonable, arbitrary, or unconscionable conduct on the trial court's part. Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} Appellant did not file a direct appeal after his re-sentencing. However, because he asserted constitutional violations in his motion, which was filed subsequent to the deadline for filing a direct appeal, this Court construes the motion as a petition for post-conviction relief as provided in R.C. 2953.21, per State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus. As such, the procedural requirements of this statute apply to this case. See Reynolds,79 Ohio St.3d at 161.
 {¶ 9} Accordingly, appellant was required to comply with R.C. 2953.21(A)(2). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App. R. 3(A) 4(A). A trial court lacks jurisdiction to entertain a motion that is filed after the timeframe set forth in R.C. 2953.21(A)(2). R.C. 2953.23(A).
 {¶ 10} Appellant's motion was filed on June 19, 2006 — five months after the expiration of the time to file a motion for post-conviction relief — and was therefore, clearly untimely. R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} As noted below in response to appellant's second and fourth assignments of error, Foster does not apply retroactively. Thus, appellant has failed to show that the circumstances listed in R.C. 2953.23(A)(1) exist in the present matter. See State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280.
 {¶ 12} Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v.Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12. Therefore, appellant's first and fifth assignments of error are overruled.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DETERMINING THAT `THE HOLDING OF STATE V.FOSTER, * * * ONLY APPLIES TO CASES PENDING ON DIRECT REVIEW.' CITINGSTATE V. FOSTER (2006), 109 OHIO ST.3d 1, 31 ."
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT MADE UNCONSTITUTIONAL FINDINGS WHEN SENTENCING THE APPELLANT IN VIOLATION OF THE APPELLANT'S SIXTH AMENDMENT RIGHTS TO JURY DETERMINATION OF ANY FACTS USED TO IMPOSE MORE THAN THE MINIMUM OR TO IMPOSE CONSECUTIVE SENTENCES."
 {¶ 13} In his second assignment of error, appellant contends thatState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, is applicable to his case; and in his fourth assignment of error, appellant argues that the trial court engaged in unconstitutional fact finding in determining his sentence. This Court disagrees.
 {¶ 14} In Foster, the Supreme Court of Ohio found that R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code violated the Sixth Amendment, pursuant toBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466, to the extent that they required judicial fact finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in UnitedStates v. Booker (2005), 543 U.S. 220, the Foster Court only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 15} As stated herein, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See Kelly at ¶ 12. Appellant's second and fourth assignments of error are therefore overruled.
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION WITHOUT AN EVIDENTIARY HEARING."
 {¶ 16} In his third assignment of error, appellant argues that the trial court erred in denying his motion for post-conviction relief without holding an evidentiary hearing. Given this Court's conclusion that the trial court was without jurisdiction to consider appellant's untimely petition for post-conviction relief, the trial court did not err by failing to hold an evidentiary hearing before dismissing that petition. See State v. Sprenz, 9th Dist. No. 22433, 2005-Ohio-1491, at ¶ 15.
Appellant's third assignment of error is overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
BOYLE, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)