OPINION *Page 2 
{¶ 1} Defendant-appellant Gary Cyril Staats appeals the February 13, 2007 judgment entry of the Stark County Court of Common Pleas dismissing his motion for correction or modification of sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about September 9, 2004 appellant was charged by indictment with two counts of breaking and entering in violation of R.C.2911.13(A) and two counts of vandalism in violation of R.C.2909.05(B)(1)(a). Each charge is a felony of the fifth degree.
 {¶ 3} On January 5, 2005 Appellant entered pleas of guilty to each of the charges contained in the indictment. Appellant, who was represented by counsel, signed a Change of Plea form.
 {¶ 4} By Judgment Entry filed February 14, 2005 the trial court sentenced appellant to four years of community control sanctions with conditions.
 {¶ 5} By Judgment Entry filed June 16, 2005 appellant's community control was revoked and the trial court sentenced appellant to a term of eleven months on each charge contained in the indictment. The trial court further ordered each sentence to run consecutively, for an aggregate sentence of forty-four (44) months.
 {¶ 6} On September 9, 2005 appellant filed a motion for judicial release which the trial court denied by Judgment Entry filed September 12, 2005.
 {¶ 7} On January 19, 2006 appellant filed a motion to withdraw his pleas of guilty in the trial court upon the grounds that he received ineffective assistance of *Page 3 
counsel and therefore his pleas were not knowing and intelligent. The trial court overruled appellant's motion on January 24, 2006.
 {¶ 8} On February 2, 2006 appellant again filed a motion for judicial release in the trial court. That motion was denied by Judgment Entry filed February 6, 2006.
 {¶ 9} On July 20, 2006 appellant filed his third motion for judicial release in the trial court. That motion was denied by Judgment Entry filed July 24, 2006.
 {¶ 10} On August 17, 2006 appellant filed a motion for delayed appeal with this Court. This Court denied said motion by Judgment Entry filed September 12, 2006.
 {¶ 11} On February 7, 2007 appellant filed a motion to correct or vacate his sentence in the trial court. Appellant contended that vandalism is a lesser included offense of breaking and entering. Appellant argued that the breaking and entering counts should have been merged with the vandalism counts for purposes of sentencing. The trial court overruled appellant's motion by Judgment Entry filed February 13, 2007.
 {¶ 12} It is from the trial court's Judgment Entry overruling his motion to correct or vacate sentence that appellant has appealed raising the following assignments of error:
 {¶ 13} "I. WHETHER THE TRIAL COURT ERRED WHEN DENYING RELIEF ON FEBRUARY 13, 2007, WITHOUT RULING ON THE MERITS OF THE CLAIM, WHEREIN APPELLANT PRESENTED A CLAIM OF PLAIN ERROR WHICH RESULTED IN THE IMPOSITION OF A CLEARLY ILLEGAL AND/OR UNLAWFUL SENTENCE?
 {¶ 14} "II. WHETHER APPELLANT'S CONVICTIONS FOR BREAKING ENTERING; [SIC] AND VANDALISM CONSTITUTES CONVICTIONS FOR CRIMES *Page 4 
OF ALLIED OFFENSES OR [SIC] SIMILAR IMPORT, AND THUS, PLAIN ERROR ARISES WHEREIN APPELLANT COULD BE CONVICTED AND SENTENCED FOR ONLY ONE OR THE OTHER?"
 I. {¶ 15} Appellant, in his first assignment of error, challenges the denial of his Motion to Correct and/or to Vacate Incorrect Sentence.
 {¶ 16} We begin our analysis by noting a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason. State v. Lozier (2004), 101 Ohio St.3d 161, 166,2004-Ohio-732 at ¶ 46, 803 N.E.2d 770, 775. [Citing State ex rel.McGinty v. Cleveland City School Dist. Bd. of Edn. (1998),81 Ohio St.3d 283, 290, 690 N.E.2d 1273]; Helvering v. Gowranus (1937), 302 U.S. 238,245, 58 S.Ct. 154, 158.
 {¶ 17} Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:
 {¶ 18} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 19} The caption of a pro se pleading does not definitively define the nature of the pleading. State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304. In Reynolds, the *Page 5 
Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A) (1), because it is a motion that was (1) filed subsequent to Reynolds' direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant toReynolds, we find appellant's motion to vacate or correct sentence is a petition for post conviction relief as defined in R.C. 2953.21
 {¶ 20} Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 21} The record indicates appellant did not file a direct appeal in this matter with a transcript. Therefore, under R.C. 2953.21(A) (2), appellant was required to file his petition " * * * no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 22} Appellant was convicted on February 14, 2005. However, appellant did not file his petition for post-conviction relief until February 7, 2007, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part: *Page 6 
 {¶ 23} * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 24} "(1) Either of the following applies:
 {¶ 25} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 26} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 27} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence."
 {¶ 28} In his petition, appellant did not provide a basis under R.C.2953.21(A) (1) (a) or (b) which is a requirement to avoid the filing deadline.
 {¶ 29} The trial court's Judgment Entry of Sentencing filed February 14, 2005 contains the following caveat: "Violation of any condition of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of forty-four (44) months, eleven months on each to be served consecutively". Id. at 6. Accordingly, appellant was on notice that the trial court did not consider the crimes allied offenses of similar *Page 7 
import for sentencing purposes. Further appellant was aware at that time of the potential consecutive sentence for violation of the Community Control Sanctions.
 {¶ 30} As such, appellant has failed to meet his burden under R.C.2953.23(A) (1) to file an untimely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12; State v. Smith, 9th Dist. No. 05CA008772,2006-Ohio-2045 at ¶ 9; State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280 at ¶ 13.
 {¶ 31} We find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. Id.
 {¶ 32} Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 33} In his second assignment of error appellant argues that the crimes of breaking and entering and vandalism are allied offenses of similar import thereby precluding imposition of consecutive sentences.
 {¶ 34} This Court cannot address the merits of appellant's arguments as we find this Court does not have jurisdiction to hear this assignment of error. Appellant contends that he is appealing from the trial court's denial of his motion to correct or vacate his sentence. However, the errors alleged in appellant's second assignment of error arise from the trial court's February 14, 2005 Judgment Entry of Sentence. In that Judgment Entry, the trial court advised the appellant of the potential sentences for a violation of community control sanctions and noted that the sentences were to be run consecutively. Appellant did not object, nor argue to the trial court that the sentences *Page 8 
were allied offenses of similar import. Nor did appellant appeal from that Judgment Entry.
 {¶ 35} A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed. . . ." App. R. 4. Because appellant failed to file a notice of appeal within thirty days of the Judgment Entry of Sentencing, this court is without jurisdiction to determine the merits of appellant's second assignment of error. "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal. See State, ex rel. Curran v. Brookes (1943), 142 Ohio St. 107,26 O.O. 287, 50 N.E.2d 995, paragraph seven of the syllabus; Adkins v.Eitel (1966), 8 Ohio St.2d 10, 37 O.O.2d 300, 221 N.E.2d 713". State exrel. Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58,60, 531 N.E.2d 713. *Page 9 
 {¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
 Gwin, P.J., Edwards, J., and Delaney, J., concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed. Costs to appellant. *Page 1