JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Daries Y. Sherrills ("defendant"), appeals pro se from a decision of the Cuyahoga Court of Common Pleas denying his motion to vacate. For the following reasons, we affirm the decision of the trial court. The record presented to us on appeal reveals the following: In 1975, defendant was convicted of robbery in Case No. CR-021925 and aggravated burglary in Case No. CR-022530. These convictions were affirmed upon direct appeal. See State v.Sherrills (March 17, 1988), Cuyahoga App. No. 53535 and State v.Sherrills (April 7, 1977), Cuyahoga App. No. 35912.
 {¶ 2} Since then, defendant has filed numerous petitions for postconviction relief, applications for re-opening, and motions for reconsideration. All of these motions have been denied by the trial court. In turn, this Court has affirmed each of these decisions. The Ohio Supreme Court has denied jurisdiction to hear defendant's appeal on 53 different occasions.
 {¶ 3} On April 9, 2007, defendant filed the motion that is the subject of this appeal, seeking to have his convictions vacated. In this motion, defendant argued that the trial court did not have subject matter jurisdiction over him because he did not receive a preliminary hearing within 10 ten days after he was charged and he was not brought to trial within 90 days of his arrest. On April 13, 2007, the trial court denied defendant's motion without opinion. *Page 4 
 {¶ 4} Defendant timely appeals and raises two assignments of error for our review, which shall be addressed together.
 {¶ 5} "I. Failure of the trial court to set aside void judgment for lack of subject matter jurisdiction in failing to bring him to preliminary hearing within 10 days [sic] requirement in accordance with R.C. 2945.71 thur [sic] 73(D) thur [sic] (E) in lieu of bail, and Criminal Rule 5(B).
 {¶ 6} "II. Failure of the trial court to set aside void judgment for lack of subject matter jurisdiction when he was not brought to trial within 90 days in accordance with R.C. 2945.71 thur [sic] 73(D) thur [sic] (E) in lieu of bail for a felony."
 {¶ 7} In these assignments of error, defendant argues that his convictions for robbery and aggravated burglary should be vacated because he did not receive a preliminary hearing within 10 days after he was charged and he was not brought to trial within 90 days of his arrest.
 {¶ 8} As an initial matter, we note that a motion to vacate pursuant to Civ.R. 60(B) may be used in a criminal case only when a defendant has filed a petition for postconviction relief pursuant to R.C. 2953.21 and a defendant seeks to have the court revisit its ruling on the said petition. State v. Brack, Stark App. No. 2005CA00298, 2006-Ohio-3783. Here, defendant is attempting to challenge the conviction itself and not the denial of his petition for postconviction relief through his *Page 5 
Civ.R. 60(B) challenge. Thus, we shall address the motion as though it applies to a petition for postconviction relief.
 {¶ 9} The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. Rogers v. Whitehall (1986), 25 Ohio St.3d 67. "Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." Coulson v.Coulson (1983), 5 Ohio St.3d 12, 13. Res judicata applies to foreclose a defendant from presenting claims that could or should have been brought in an original appeal or a first petition for postconviction relief. SeeState v. Apanovitch (1995), 107 Ohio App.3d 82, 87.
 {¶ 10} Here, defendant's petition was a successive petition under R.C.2953.23. In reviewing his petition for postconviction relief, it is clear that both of his claims for relief are based upon the original trial and, therefore, could have been raised in defendant's direct appeal or in his first petition for postconviction relief. Since defendant's claims are barred by res judicata, the trial court did not err in denying his April 9, 2007 motion to vacate judgment.
 {¶ 11} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR *Page 1