OPINION *Page 2 
{¶ 1} Appellant Gary Cyril Staats, pro se, appeals the decision of the Stark County Common Pleas Court which denied his "Motion for Change of Plea and Sentence Nunc Pro Tunc" and "Motion to Vacate Order of Restitution". For the following reasons, we affirm.
 {¶ 2} On or about September 29, 2004 appellant was charged by indictment with two counts of breaking and entering in violation of R.C. 2911.13(A) and two counts of vandalism in violation of R.C. 2909.05(B)(1)(a). Each charge is a felony of the fifth degree. Appellant pled not guilty at arraignment.
 {¶ 3} On January 5, 2005 Appellant entered pleas of guilty to each of the charges contained in the indictment. Appellant, who was represented by counsel, signed a change of plea form.
 {¶ 4} By Judgment Entry filed February 14, 2005 the trial court sentenced appellant to four years of community control sanctions with conditions.
 {¶ 5} By Judgment Entry filed June 16, 2005 appellant's community control was revoked and the trial court sentenced appellant to a term of eleven months on each charge contained in the indictment. The trial court further ordered each sentence to run consecutively, for an aggregate sentence of 44 months.
 {¶ 6} On September 9, 2005 appellant filed a motion for judicial release which the trial court denied by Judgment Entry filed September 12, 2005.
 {¶ 7} On January 19, 2006 appellant filed a motion to withdraw his pleas of guilty in the trial court upon the grounds that he received ineffective assistance of *Page 3 
counsel and therefore his pleas were not knowing and intelligent. The trial court overruled appellant's motion on January 24, 2006.
 {¶ 8} On February 2, 2006 appellant again filed a motion for judicial release in the trial court. That motion was denied by Judgment Entry filed February 6, 2006.
 {¶ 9} On July 20, 2006 appellant filed his third motion for judicial release in the trial court. That motion was denied by Judgment Entry filed July 24, 2006.
 {¶ 10} On August 17, 2006 appellant filed a motion for delayed appeal with this Court. This Court denied said motion by Judgment Entry filed September 12, 2006.
 {¶ 11} On February 7, 2007 appellant filed a motion to correct or vacate his sentence in the trial court. Appellant contended that vandalism is a lesser included offense of breaking and entering. Appellant argued that the breaking and entering counts should have been merged with the vandalism counts for purposes of sentencing. The trial court overruled appellant's motion by Judgment Entry filed February 13, 2007.
 {¶ 12} On July 16, 2007, this Court affirmed the trial court inState v. Staats, 5th App. No. 2007-CA-00053, 2007-Ohio-3638. This Court held that appellant's motion for post-conviction relief was not timely filed.
 {¶ 13} Appellant then filed a Motion to Vacate Order of Restitution and a Motion For Change of Plea and Sentence Nunc Pro Tunc. The trial court denied both motions.
 {¶ 14} Appellant raises two Assignments of Error:
 {¶ 15} "I. WHETHER THE TRIAL COURT ERRED WHEN DENYING RELIEF ON AUGUST 30, 2007, WHEREIN APPELLANT BROUGHT TO THE TRIAL COURT'S ATTENTION THAT IT DISREGARDED THE ALLIED OFFENSE STATUTE O.R.C. § 2941.25 RENDERING THE SENTENCE A NULLITY OR VOID." *Page 4 
 {¶ 16} "II. WHETHER THE TRIAL COURT ERRED WHEN DENYING APPELLANT'S MOTION TO VACATE ORDER OF RESTITUTION PURSUANT TO O.R.C. § 2929.19(B) WHERE APPELLANT PRESENTED A CLAIM OF "PLAIN ERROR"; THE STATE, NOR ANY VICTIMS OFFERED ANY EVIDENCE OF COMPENSATABLE LOSS BEFORE THE COURT ORDERED RESTITUTION."
 I. {¶ 17} Appellant argues that the offenses of breaking and entering and vandalism are allied offenses of similar import and consecutive sentences are precluded. The argument was raised in appellant's previous appeal.
 {¶ 18} This Court overruled this assignment of error in State v.Staats, 5th App. No. 2007-CA-00053, 2007-Ohio-3638. The basis of this decision was that appellant had failed to meet his burden under R.C. 2953.23(A)(1) to file an untimely petition for post-conviction relief and the trial court lacked jurisdiction to entertain the appeal. Appellant's second attempt to cure his timeliness problem must fail as he again failed to establish grounds to file a motion for post-conviction relief.
 {¶ 19} Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:
 {¶ 20} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, *Page 5 
stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 21} The caption of a pro se pleading does not definitively define the nature of the pleading. State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304. In Reynolds, the Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1), because it is a motion that was (1) filed subsequent to Reynolds' direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant to Reynolds, we find appellant's motion to vacate or correct sentence is a petition for post conviction relief as defined in R.C. 2953.21.
 {¶ 22} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 23} The record indicates appellant did not file a direct appeal in this matter with a transcript. Therefore, under R.C. 2953 .21(A)(2), appellant was required to file his petition "* * * no later than one hundred eighty days after the expiration of the time for filing the appeal." *Page 6 
 {¶ 24} Appellant was convicted on February 14, 2005. However, appellant did not file his petition for post-conviction relief until February 7, 2007, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:
 {¶ 25} * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 26} "(1) Either of the following applies:
 {¶ 27} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 28} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 29} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence."
 {¶ 30} In his petition, appellant did not provide a basis under R.C. 2953.21(A)(1)(a) or (b) which is a requirement to avoid the filing deadline. *Page 7 
 {¶ 31} The trial court's Judgment Entry of Sentencing filed February 14, 2005 contains the following: "Violation of any condition of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of forty-four (44) months, eleven months on each to be served consecutively". Id. at 6. Accordingly, appellant was on notice that the trial court did not consider the crimes allied offenses of similar import for sentencing purposes. Further, appellant was aware at that time of the potential consecutive sentence for violation of the community control sanctions.
 {¶ 32} As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file an untimely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12; State v. Smith, 9th Dist. No. 05CA008772, 2006-Ohio-2045
at ¶ 9; State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280 at ¶ 13.
 {¶ 33} We find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. Id.
 {¶ 34} Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 35} Appellant argues in his second assignment of error that the trial court erred in denying his motion to vacate restitution.
 {¶ 36} The trial court denied the motion because restitution had not been imposed. Upon review of the record, the trial court did not impose restitution. The trial court appropriately denied appellant's motion as there was nothing to vacate.
 {¶ 37} Accordingly, appellant's second assignment of error is overruled. *Page 8 
 {¶ 38} The judgment of the Stark County Common Pleas Court is affirmed.
Delaney, J. And Wise, J concur.
 Hoffman, P.J. concurs separately *Page 9