[Cite as *State v. Morales*, 2016-Ohio-3313.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27765 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARCEL ALEXANDER MORALES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2004 09 3018 |

DECISION AND JOURNAL ENTRY

Dated: June 8, 2016

WHITMORE, Judge.

{¶1} Appellant, Marcel A. Morales, appeals the Summit County Court of Common Pleas' denial of his "Crim.R. 52(B) Motion to Notice Plain Error and Correct Manifest Miscarriage of Justice." This Court affirms.

I

{¶2} In 2004, Morales was indicted on nineteen counts, ranging from breaking and entering to aggravated robbery and attempted murder. Nine of the counts included firearm specifications. He pled guilty to thirteen of the counts, and the State dismissed the balance of the charges including the attempted murder charges.

{¶3} Morales' written plea of guilty indicates that he and the prosecutor agreed to recommend nine-year sentences for two aggravated robberies and three-year sentences for firearm specifications attached to those counts. His written plea further indicates that the parties agreed those sentences should be run consecutively for a total of twenty-four years with the

sentences for the other counts to run concurrently. The trial court sentenced Morales to nine years in prison for each of the aggravated robberies and three years for each of the associated firearm specifications. The court further ordered that this time be served consecutively for a total of twenty-four years. The court ordered the sentences for the remaining counts be served concurrently.

{¶4} In 2011, Morales filed a motion for resentencing due to a failure to include proper post-release control notifications. The trial court held a resentencing hearing and imposed a mandatory, five-year period of post-release control. In 2013, Morales filed a notice of appeal, which we dismissed as untimely.

{¶5} In 2015, Morales filed the motion that is the subject of the current appeal. He argued that the trial court plainly erred by imposing consecutive sentences without making the findings in R.C. 2929.14(E)(4), which has since be renumbered to R.C. 2929.14(C)(4). He argued that the imposition of consecutive sentences "affect[ed] [his] substantial rights of due process" and was "barred by the double jeopardy clause." The State filed a memorandum in opposition. The trial court denied Morales' motion.

{¶6} Morales appeals raising one assignment of error for our review.

Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CRIM.R. 52(B) MOTION TO NOTICE PLAIN ERROR, WHEN TRIAL COURT'S IMPOSITION OF CONSECUTIVE SANCTION DOES NOT COMPORT WITH MANDATORY PROVISIONS OF DIVISION (E)(4), RENUMBERED TO (C)(4) OF SECTION 2929.14 OF THE REVISED CODE, AFFECTING APPELLANT'S SUBSTANTIAL RIGHTS OF DUE PROCESS OF LAW, THEREFORE, CONSECUTIVE SANCTION IS CONTRARY TO LAW AND IS ALSO NOT AUTHORIZED BY LAW.

**{¶7}** In his sole assignment of error, Morales argues that his consecutive sentences should be modified to concurrent sentences. Because Morales' motion was, in fact, an untimely petition for postconviction relief, we cannot reach his argument.

**{¶8}** Morales attempts to have a portion of his sentence declared void and vacated on constitutional grounds, so his motion is a petition for postconviction relief. Regardless of the caption, "where a criminal defendant, subsequent to his or her direct appeal [or the expiration of the time for filing an appeal], files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *see also State v. Stepler*, 9th Dist. Summit No. 23354, 2006-Ohio-6913, ¶ 8. In cases where no direct appeal was filed, former R.C. 2953.21(A)(2) provided a defendant with 180 days from the expiration of the time for filing an appeal to file a petition for postconviction relief. Morales filed the motion that is the subject of this appeal on March 20, 2015. As Morales' sentence was journalized in July 2005, his petition is untimely by over nine years, and he has not argued that any exception found in the statute applies to authorize this untimely filing.

**{¶9}** The trial court correctly denied the motion. Morales' assignment of error is overruled.

### III

**{¶10}** Morales' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT


CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

MARCEL A. MORALES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.