[Cite as *State v. Coleman*, 2012-Ohio-1712.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TROY W. COLEMAN

    Appellant

C.A. No.    26008

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 10 2775

DECISION AND JOURNAL ENTRY

Dated: April 18, 2012

BELFANCE, Judge.

{¶1}   Defendant-Appellant Troy Coleman appeals from his convictions for aggravated vehicular assault, operating a vehicle while intoxicated, and driving under suspension. For the reasons set forth below, we affirm.

I.

{¶2}   Mr. Coleman was indicted in connection with a traffic accident for aggravated vehicular assault, vehicular assault, driving under suspension, failure to control, and two counts of operating a vehicle while intoxicated. He pleaded guilty to aggravated vehicular assault, driving under suspension, and one count of operating a vehicle while intoxicated. The remaining charges were dismissed.

{¶3}   The trial court sentenced Mr. Coleman to an aggregate prison term of 7 years, suspended his license for 10 years, and ordered him to pay $55,000.00 in restitution. He has appealed, raising a single assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO PROPERLY NOTIFY APPELLANT OF HIS CONSTITUTIONAL RIGHTS, AND THUS THE DEFENDANT DID NOT WAIVE THOSE RIGHTS IN VIOLATION OF RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE, THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶4} Mr. Coleman argues that his plea was not knowing, intelligent, and voluntary because the trial court failed to properly inform him that he had the right to compulsory process to obtain witnesses, that he could not be compelled to testify against himself and that "he had the right to have the jury unanimously find him guilty should his case have gone to trial."

{¶5} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Internal quotations and citations omitted.) *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9. "Crim.R. 11 was adopted in 1973 to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest." *Id*.

{¶6} Crim.R. 11(C)(2)(c) requires a trial court, before accepting a defendant's plea of guilty or no contest, to inform a defendant that a plea waives the defendant's "rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." The trial court must also determine that the defendant understands those rights. Crim.R. 11(C)(2)(c).

**{¶7}** At Mr. Coleman's plea hearing, the trial court spoke to Mr. Coleman, stating:

> [B]y changing your plea you will give up your right to a jury trial; give up your right to make the prosecutor prove all the charges against you beyond a reasonable doubt; give up the right to have [your counsel] subpoena and cross-examine witnesses for you; give up the right to testify or not testify in your own defense, and you will give up your appellate rights[.] Do you understand all of that?

To which Mr. Coleman responded, "Yes, I do."

**{¶8}** It appears Mr. Coleman's argument is that, because the trial court did not repeat the language of Crim.R. 11(C)(2)(c) verbatim, it failed to comply with the rule. However, a word for word recitation of the rule is unnecessary so long as the trial court actually explains the rights to the defendant. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 27. "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.'" (Internal quotations and citations omitted.) *Id.* at ¶ 18. Thus, "a trial court's failure to literally comply with Crim.R. 11(C) does not invalidate a plea agreement if the record demonstrates that the trial court explained the constitutional right *in a manner reasonably intelligible to that defendant*." (Emphasis sic.) (Internal quotations and citations omitted.) *Barker*, 2011-Ohio-4130, at ¶ 14.

**{¶9}** Mr. Coleman argues that the trial court failed to inform him that he had a right to compulsory process because the trial court's statement that by pleading guilty he was giving up the right to have his counsel "subpoena and cross-examine witnesses for you[]" was insufficient to apprise him of this right. He further argues that the trial court inadequately informed him that he could not be compelled to testify against himself. In *Barker*, the trial court told the defendant that he had the "'right to call witnesses to speak on [his] behalf.'" *Id.* at ¶ 16. The Supreme Court of Ohio determined that this adequately informed the defendant of his right to compulsory

process. *Id*. at ¶ 20. The *Barker* Court further held that "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question." *Id*. at ¶ 25; *see also id.* at paragraph two of the syllabus. The record reflected that Mr. Barker had been represented by counsel and had signed a written plea agreement that had informed him that he was waiving his right to "use the power of the court to call witnesses to testify for him." *Id*. at ¶ 26. In light of the evidence in the record, the Supreme Court concluded that Mr. Barker knowingly, intelligently and voluntarily waived his right to compulsory process.

{¶10} To the extent that Mr. Coleman suggests that there is any ambiguity in the oral plea colloquy, we note that, in addition to the trial court's oral colloquy, Mr. Coleman, who was represented by counsel, signed a written plea agreement, which informed him that, by pleading guilty, he was waiving his "right to have compulsory process, that is the right to subpoena witnesses to court to testify in [his] favor." Mr. Coleman was also told during the oral plea colloquy that he was giving up the right "to testify or not testify in your own defense," and the written plea agreement informed him that, at trial, he "could not be compelled to testify against [him]self." By signing the agreement, Mr. Coleman indicated that he had read the agreement and understood the rights he was waiving by pleading guilty.

{¶11} While the trial court's colloquy did not precisely track the language in Crim.R. 11(C)(2)(c), it did address all of the rights set forth by the rule and, furthermore, the written plea agreement also addressed the rights set forth in Crim.R. 11(C)(2)(c). Additionally, Mr. Coleman was represented by counsel throughout the proceedings and, at his change of plea hearing, he affirmatively responded when the trial court asked him if his counsel had gone over the plea agreement to his satisfaction and if he understood the rights he was waiving. Viewing

the totality of the circumstances of the plea hearing, we conclude that Mr. Coleman knowingly, intelligently, and voluntarily waived his right to compulsory process as well as his right not to testify against himself. *See Barker*, 2011-Ohio-4130, at ¶ 16-26.

{¶12} Mr. Coleman also argues, without supporting authority, that the trial court was required to inform him that any verdict by a jury had to be unanimous. However, a trial court does not need to inform the defendant that a jury verdict must be unanimous in order to comply with Crim.R. 11. *State v. Small*, 9th Dist. No. 10105, 1981 WL 4084 (July 22, 1981); *see also State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 68 (concluding in the context of a jury trial waiver that "a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it[,] [n]or is the trial court required to inform the defendant of all the possible implications of waiver") (Internal quotations and citations omitted.); *State v. Howdyshell*, 5th Dist. No. CT 2008-0040, 2009-Ohio-4238, ¶ 9-13 (applying *Ketterer* in the context of a guilty plea and concluding that a defendant need not be informed that a jury verdict must be unanimous before pleading guilty); *State v. Simpson*, 10th Dist. No. 07AP-929, 2008-Ohio-2460, ¶ 11-12.

{¶13} Mr. Coleman's assignment of error is overruled.

III.

{¶14} Mr. Coleman's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT


MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.