[Cite as *State v. Hillman*, 2013-Ohio-982.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

STATE OF OHIO

    Appellant

    v.

DERRICK HILLMAN

and

DALLAS HILLMAN

    Appellees

C.A. Nos.    12CA0028
              12CA0029

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE Nos.    05-CR-0488
              05-CR-0489

DECISION AND JOURNAL ENTRY

Dated: March 18, 2013

CARR, Presiding Judge.

{¶1}    Appellant, the State of Ohio, appeals the judgment of the Wayne County Court of Common Pleas. This Court reverses.

I.

{¶2}    This matter arises out of the arrest of Derrick and Dallas Hillman in November 2005. After receiving a tip from a confidential informant, law enforcement officials stopped the Hillmans in their black Lincoln Navigator as they traveled from Cleveland to Wooster. The men gave differing reasons as to why they had traveled to Wooster, and a drug dog alerted to the presence of drugs inside the vehicle. While police did not discover drugs inside the SUV, the men agreed to go to the Wayne County Justice Center where they were strip searched. Law

enforcement officials discovered each man to be carrying a baggie of crack cocaine on his person.

{¶3} On December 8, 2005, the Hillmans were each indicted by the Wayne County Grand Jury on one count of possession of crack cocaine with a forfeiture specification, and one count of conveying a drug of abuse onto the grounds of a detention facility. The Hillmans initially pleaded not guilty to the charges, and filed a motion to suppress the evidence seized as a result of their stop, detention, and search. After a hearing, the trial court denied the motion to suppress. The Hillmans subsequently withdrew their pleas of not guilty and entered pleas of no contest to the charges. The trial court accepted the Hillmans' pleas, found them guilty, and sentenced each of them accordingly. The Hillmans appealed their convictions to this Court, asserting that the trial court erred in denying their motion to suppress. On June 30, 2008, this Court issued its decision affirming their convictions. *State v. Hillman*, 9th Dist. Nos. 07CA0048, 07CA0049, 2008-Ohio-3204. The Supreme Court of Ohio declined further review. *State v. Hillman*, 119 Ohio St.3d 1505, 2008-Ohio-5467.

{¶4} On May 20, 2011, Derrick Hillman filed a pro se motion captioned, "Motion for establishment of a date certain for oral hearing, on defendant's pre-sentence motion to withdraw no contest plea." After several additional motions were filed by both Derrick and Dallas Hillman, the trial court issued a journal entry on October 5, 2011, stating that it had met with counsel for the parties and that the May 20, 2011 motion would be construed as a motion to withdraw the Hillmans' pleas. In support of their motion, the Hillmans argued that their pleas were not knowing, intelligent, and voluntary because the trial court had failed to properly advise them regarding the imposition of mandatory post-release control at the plea colloquy. On October 17, 2011, the State filed a brief in opposition to the motion, arguing that any challenge

to the plea colloquy was barred under the doctrine of res judicata because that issue was not raised on direct appeal.

{¶5} On May 23, 2012, the trial court issued a journal entry granting the motion to withdraw the pleas of both defendants. The State filed a notice of appeal on May 25, 2012. On appeal, the State raises one assignment of error. We note that the Hillmans have not filed a responsive brief. Accordingly, this Court may accept the State's statement of facts and issues as correct and reverse the judgment if the State's brief reasonably appears to sustain such action. App.R. 18(C); *see also Akron v. Carter*, 9th Dist. No. 22444, 2005-Ohio-4362, ¶ 3; *Haley v. Nomad Preservation*, Inc., 9th Dist. No. 26220, 2012-Ohio-4385, ¶ 6.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING THE HILLMANS' PETITIONS FOR POST-CONVICTION RELIEF AS THE TRIAL COURT WAS WITHOUT JURISDICTION TO CONSIDER THE MOTIONS AFTER THE APPELLATE COURT AFFIRMED THE UNDERLYING CONVICTION.

{¶6} In its sole assignment of error, the State contends that the trial court was without jurisdiction to consider the Hillmans' motion to withdraw their pleas because the issues raised therein were apparent on the face of the record and could have been raised on direct appeal. The State asserts that because the Hillmans did not challenge their pleas until after their convictions had been affirmed on appeal, the trial court was without authority to consider their motion. This Court agrees.

{¶7} In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), the Supreme Court determined that a trial court loses jurisdiction over a case when an appeal is taken and, absent a remand, does not regain jurisdiction subsequent to the court of appeals' decision. The high court explained that even though the trial court retains

jurisdiction over issues not inconsistent with the jurisdiction of the court of appeals, the granting of a motion to withdraw is "inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea." *Id*. The court further held that Crim.R. 32.1 does not, independently "vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id*. The Supreme Court has further held that "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. After a defendant's convictions have been affirmed on appeal, a trial court has "no authority to consider [a] motion to withdraw his guilty plea, let alone grant him a new trial." *Ketterer* at ¶ 62.

{¶8} In this case, the Hillmans filed a direct appeal and advanced one assignment of error challenging the trial court's denial of their motion to suppress. This Court reviewed the trial court's judgment and affirmed. *State v. Hillman*, 9th Dist. Nos. 07CA0048, 07CA0049, 2008-Ohio-3204. The issues the Hillmans now raise in regard to the plea colloquy were apparent on the face of the record, and could have been raised at the time of their direct appeal. Pursuant to *Special Prosecutors* and *Ketterer*, the trial court lost jurisdiction to consider the Hillmans' motion to withdraw their pleas of no contest after this Court affirmed their convictions. Accordingly, the trial court erred in granting the Hillmans' motion.

{¶9} The State's assignment of error is sustained.

III.

{¶10} The State's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellant.

W. SCOTT RAMSEY, Attorney at Law, for Appellees.