[Cite as *State v. Robertson*, 2013-Ohio-4556.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 12CA0094-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEONARD ROBERTSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 05CR0539 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2013

MOORE, Presiding Judge.

{¶1} Defendant, Leonard Robertson, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2006, Mr. Robertson pleaded guilty to a fifty-seven count indictment, and the trial court sentenced him to a total of fifteen years of incarceration. Mr. Robertson filed a notice of appeal from the sentencing entry; however, his attempted appeal was dismissed due to his failure to timely file an appellate brief. In 2009, Mr. Robertson moved to reopen his appeal, and we granted his application. Thereafter, we vacated Mr. Robertson's sentence due to an error in the imposition of postrelease control, and we remanded the case to the trial court for resentencing in accordance with then applicable case law. *See State v. Robertson*, 9th Dist. Medina No. 07CA0120-M, 2009-Ohio-5052.

{¶3}    At the resentencing hearing, Mr. Robertson orally moved to withdraw his guilty pleas.   The trial court denied Mr. Robertson's motion and proceeded to resentence.   Mr. Robertson appealed from the resentencing entry on March 17, 2010, arguing that the trial court improperly denied his motion to withdraw his guilty pleas.   This Court affirmed the trial court's decision to deny Mr. Robertson's motion to withdraw his pleas. *See State v. Robertson*, 9th Dist. Medina No. 10CA0030-M, 2011-Ohio-4300, ¶ 17.

{¶4}    Thereafter, Mr. Robertson attempted to appeal our 2011 decision to the Ohio Supreme Court.  Prior to the Court determining whether to accept the appeal, Mr. Robertson filed a post-sentence motion to withdraw his plea in the trial court.  The trial court declined to rule on the motion until the Supreme Court made a determination of whether to accept jurisdiction.  On January 18, 2012, the Supreme Court declined to accept jurisdiction.  In a journal entry dated June 25, 2012, the trial court denied Mr. Robertson's motion.  Mr. Robertson did not appeal from this journal entry.

{¶5}    On September 21, 2012, Mr. Robertson filed a new motion to withdraw his guilty plea. The trial court denied the motion in a journal entry dated October 16, 2012.  Mr. Robertson timely appealed from the October 16, 2012 entry, and he now presents three assignments of error for our review.  We have consolidated the assignments of error to facilitate our discussion.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED IT[]S DISCRETION IN APPLYING RES JUDICATA TO DENY [MR. ROBERTSON]'S MOTION TO WITHDRAW HIS PLEA.

## ASSIGNMENT OF ERROR II

[MR. ROBERTSON]'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED BEING THAT THE TRIAL COURT DID NOT ADVISE HIM *PRIOR* THAT PRC WAS MANDATORY FOR FIVE (5) YEARS UPON RELEASE, PURSUANT TO R.C. 2967.28(B). (Emphasis sic.)

## ASSIGNMENT OF ERROR III

THE TRIAL COURT INCORRECTLY EXPLAINED THE MAXIMUM PENALTIES INVOLVED WHEN VIOLATING [T]HE TERMS OF PRC AS REQUIRED PURSUANT TO R.C. 2943.032.

{¶6}   In his assignments of error, Mr. Robertson argues that the trial court erred by denying his post-sentence motion to withdraw his guilty plea because the plea was not knowingly, voluntarily and intelligently made due to the trial court's failure to correctly advise him of the mandatory nature of, and the maximum penalties for violation of, postrelease control prior to his entering of his plea.  We disagree.

{¶7}   In its October 16, 2012 journal entry, the trial court concluded that it was without jurisdiction to entertain Mr. Robertson's motion and that his arguments were barred by res judicata.

{¶8}   "In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), the [Ohio] Supreme Court determined that a trial court loses jurisdiction over a case when an appeal is taken and, absent a remand, does not regain jurisdiction subsequent to the court of appeals' decision."  *State v. Hillman*, 9th Dist. Wayne Nos. 12CA0028, 12CA0029, 2013-Ohio-982, ¶ 7.  *See also State v. Phillips*, 9th Dist. Summit No. 25408, 2011-Ohio-1348.  The Ohio Supreme Court further explained that, because a motion to withdraw a plea is "inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea," the trial court has no jurisdiction to consider such a motion after an appellate court has affirmed the conviction.  *Special Prosecutors* at 97.

Moreover, the Supreme Court has held that "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶9} Here, Mr. Robertson appealed from his resentencing entry, and this Court affirmed the trial court's denial of his oral motion to withdraw his plea in *Robertson*, 2011-Ohio-4300, ¶ 17. Therefore, pursuant to *Special Prosecutors,* the trial court lacked jurisdiction to consider Mr. Robertson's September 21, 2012 motion to withdraw his guilty plea. Moreover, Mr. Robertson's arguments pertain to the sufficiency of the plea colloquy. Any errors in the colloquy would have been apparent on the record, and could have been raised on appeal from his resentencing entry. Consequently, his arguments are now barred by res judicata. *See Ketterer* at ¶ 59 ("[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or *could have been* raised on appeal" (Emphasis added.)).

{¶10} Accordingly, the trial court did not err in denying Mr. Robertson's motion to withdraw his plea.

III.

{¶11} Mr. Robertson's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

LEONARD ROBERTSON, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and LAUREN M. HASE, Assistant Prosecuting Attorney, for Appellee.