[Cite as *State v. Calhoun*, 2014-Ohio-2628.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27059 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| HOMELL T. CALHOUN | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2011 01 0027 (A) |

DECISION AND JOURNAL ENTRY

Dated: June 18, 2014

MOORE, Judge.

{¶1} Defendant, Homell Calhoun, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In 2011, Mr. Calhoun pleaded no contest to charges pertaining to possession of heroin. The trial court found him guilty and sentenced him to nine years of incarceration, and we affirmed Mr. Calhoun's conviction on appeal. *State v. Calhoun*, 9th Dist. Summit No. 26144, 2012-Ohio-2374. In 2013, Mr. Calhoun filed a motion to withdraw his pleas, arguing that the trial judge had misinformed him of the mandatory nature of his sentence during the plea colloquy.

{¶3} In a journal entry dated August 13, 2013, the trial court denied Mr. Calhoun's motion because he had failed to attach evidentiary documents to his motion and because his

arguments were barred by res judicata. Mr. Calhoun appealed from the August 13, 2013 journal entry, and he now presents one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY NOT SUBSTANTIALLY COMPLYING WITH CRIMINAL RULE 11 BY FAILING TO GIVE [MR. CALHOUN] NOTICE OF THE MAXIMUM PENALTIES BEFORE ACCEPTING HIS PLEA.

{¶4} In his sole assignment of error, Mr. Calhoun argues that the trial court erred in failing to grant his motion to withdraw his pleas because: (1) the court failed to substantially comply with Crim.R. 11 during the plea colloquy by failing to correctly inform him of the mandatory nature of his sentence, and (2) his plea was not knowingly made because the trial court incorrectly advised him as to the availability of judicial release.

{¶5} "In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), the [Ohio] Supreme Court determined that a trial court loses jurisdiction over a case when an appeal is taken and, absent a remand, does not regain jurisdiction subsequent to the court of appeals' decision." *State v. Robertson*, 9th Dist. Medina No. 12CA0094-M, 2013-Ohio-4556, ¶ 8, quoting *State v. Hillman*, 9th Dist. Wayne Nos. 12CA0028, 12CA0029, 2013-Ohio-982, ¶ 7. *See also State v. Phillips*, 9th Dist. Summit No. 25408, 2011-Ohio-1348. "The Ohio Supreme Court further explained that, because a motion to withdraw a plea is 'inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea,' the trial court has no jurisdiction to consider such a motion after an appellate court has affirmed the conviction." *Robertson* at ¶ 8, quoting *Special Prosecutors* at 97.

**{¶6}** Here, Mr. Calhoun filed a direct appeal challenging the trial court's denial of his motion to disclose the identity of a confidential informant, and this Court affirmed his convictions in *Calhoun*, 2012-Ohio-2374. Therefore, pursuant to *Special Prosecutors*, the trial court lacked jurisdiction to consider Mr. Calhoun's motion to withdraw his no contest plea. *See Hillman* at ¶ 7, 8.

**{¶7}** Further, as we explained in *State v. Knuckles*, 9th Dist. Summit No. 26801, 2013-Ohio-4173, ¶ 9:

> It is well established that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). "This prohibition extends to claims made in support of motions to withdraw a plea." *State v. Molnar*, 9th Dist. Summit No. 25267, 2011-Ohio-3799, ¶ 9, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.

**{¶8}** Here, Mr. Calhoun could have, but did not raise the issues of which he now complains in his direct appeal. Therefore, his argument is barred by the doctrine of res judicata.

**{¶9}** Accordingly, Mr. Calhoun's assignment of error is overruled.

III.

**{¶10}** Mr. Calhoun's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

HOMELL T. CALHOUN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.