[Cite as *State v. Brown*, 2016-Ohio-1066.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27749 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JESS R. BROWN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2005 12 4604 |

DECISION AND JOURNAL ENTRY

Dated: March 16, 2016

WHITMORE, Judge.

{¶1} Defendant-Appellant, Jess Brown, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} This is Brown's third appeal before this Court. In 2006, Brown incurred his 19th charge for operating a vehicle while under the influence of drugs or alcohol ("OVI"). While out on bond, Brown yet again drove while under the influence and collided with another driver, thereby incurring his 20th OVI charge and several other offenses. Brown came before the court with counsel and pleaded guilty to multiple counts, including several OVI counts and counts for driving under suspension. Before his scheduled sentencing hearing, however, Brown filed a pro se motion to withdraw his plea. The court allowed him to argue the motion at his sentencing hearing, but ultimately denied the motion and sentenced him to 16½ years in prison. On appeal,

this Court affirmed the trial court's judgment. *See State v. Brown* ("*Brown I*"), 9th Dist. Summit No. 23759, 2007-Ohio-7028.

{¶3} Subsequently, Brown filed a motion to vacate his sentence due to an error in the imposition of his post-release control. He also filed a motion to withdraw his plea. The court held a hearing on his motion to withdraw, but concluded that it was meritless. The court resentenced Brown, and Brown once again appealed from the court's judgment. This Court affirmed on the basis that the trial court lacked jurisdiction to grant Brown's successive motion to withdraw his plea. *See State v. Brown* ("*Brown II*"), 9th Dist. Summit Nos. 25353 & 25355, 2011-Ohio-1043, ¶ 7-9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978). We also noted that, due to Brown's prior appeal, his arguments were barred by res judicata. *Brown II* at ¶ 6.

{¶4} In 2014, Brown filed another motion to withdraw his plea. He argued that his trial counsel was ineffective and his plea was not knowingly, voluntarily, and intelligently entered because, at the time he entered it, his speedy trial time had expired. The State opposed his motion, and, upon review, the trial court denied it. Brown did not appeal.

{¶5} In 2015, Brown filed another motion to withdraw his plea. He once again argued that his trial counsel was ineffective and his plea was not knowingly, voluntarily, and intelligently entered because, at the time he entered it, his speedy trial time had expired. The State once again opposed his motion, and, upon review, the trial court once again denied it.

{¶6} Brown now appeals from the court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate his assignments of error.

II

Assignment of Error Number One

TRIAL COURT ABUSED IT'S (sic) DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT UNDER THE PARTICULAR FACTS AND CIRCUMSTANCES OF HIS CASE WHEN THE TRIAL COURT DENIED HIM FAIR PROCESS AND THE OPPORTUNITY TO COMPLY WITH THE STATES (sic) PROCEDURES AND OBTAIN AN ADJUDICATION ON THE MERITS OF HIS CLAIMS IN CONTRAVENTION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

Assignment of Error Number Two

TRIAL COURT ABUSED ITS DESCRETION (sic) TO THE PREJUDICE OF D-A (sic) BY FAILING TO HOLD AN EVIDENTIARY HEARING ON D-A'S (sic) POST-SENTENCE MOTION TO WITHDRAW PLEAS BASED ON HIS AFFIDAVIT OF FACTS AND PREJUDICE SHOWING A MANIFEST INJUSTICE.

**{¶7}** In his assignments of error, Brown argues that the court erred when it deprived him of a merits review on his motion to withdraw and denied his motion without holding a hearing. We disagree.

**{¶8}** As this Court explained in Brown's second appeal,

[Rule] 32.1 [of Ohio Rules of Criminal Procedure] does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While [Rule] 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Brown II*, 2011-Ohio-1043, at ¶ 7, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 61, quoting *State ex rel. Special Prosecutors*, 55 Ohio St.2d at 97-98. "Moreover, the Supreme Court has held that '[r]es judicata bars the assertion of claims against a valid, final

judgment of conviction that have been raised or could have been raised on appeal.'" *State v. Robertson*, 9th Dist. Medina No. 12CA0094-M, 2013-Ohio-4556, ¶ 8, quoting *Ketterer* at ¶ 59.

{¶9} Brown has had two prior direct appeals, both of which resulted in affirmances. Accordingly, pursuant to *Special Prosecutors*, the trial court lacked jurisdiction to consider Brown's latest motion to withdraw his plea. *See Brown II* at ¶ 7. *Accord State v. Calhoun*, 9th Dist. Summit No. 27059, 2014-Ohio-2628, ¶ 5-6. Further, the speedy trial and related ineffective assistance of counsel issues that Brown raised in his fourth motion to withdraw were issues that he could have raised on direct appeal. As such, his arguments also were barred by the doctrine of res judicata. *See Brown II* at ¶ 8; *Calhoun* at ¶ 7-8. Because the trial court lacked jurisdiction over Brown's motion and his arguments were barred by res judicata, the court did not err by denying his motion without holding a hearing. *See, e.g., State v. Stepler*, 9th Dist. Summit No. 23354, 2006-Ohio-6913, ¶ 16. Brown's assignments of error are overruled.

### III

{¶10} Brown's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

JESS R. BROWN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.