[Cite as *State v. Coleman*, 2016-Ohio-5309.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                           )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

STATE OF OHIO                          C.A. No.     28044

     Appellee

     v.                             APPEAL FROM JUDGMENT
                               ENTERED IN THE
TROY W. COLEMAN                COURT OF COMMON PLEAS
                               COUNTY OF SUMMIT, OHIO
     Appellant                 CASE No.     CR 2010-10-2775

DECISION AND JOURNAL ENTRY

Dated: August 10, 2016

---

MOORE, Judge.

{¶1} Defendant-Appellant Troy W. Coleman appeals from the decision of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In 2010, Mr. Coleman was indicted on six counts related to a traffic accident. Ultimately, he pleaded guilty to aggravated vehicular assault, operating under the influence of alcohol, and driving under suspension. The remaining three counts were dismissed. The trial court sentenced Mr. Coleman to 7 years in prison, suspended his license for 10 years, and ordered him to pay $55,000 in restitution.

{¶3} Mr. Coleman filed a direct appeal challenging whether he entered into his plea knowingly, voluntarily, and intelligently. *See State v. Coleman* ("*Coleman I*")*,* 9th Dist. Summit No. 26008, 2012-Ohio-1712, ¶ 4. This Court affirmed the conviction. *See id.* at ¶ 14. Mr. Coleman filed an untimely application to reopen his direct appeal, which this Court denied. *See*

*State v. Coleman,* 9th Dist. Summit No. 26008 (Apr. 23, 2013). Mr. Coleman then filed a motion for discovery, which the trial court construed as a motion for post-conviction relief. The trial court denied the motion, and Mr. Coleman appealed the ruling. This Court affirmed the trial court's judgment. *See State v. Coleman,* 9th Dist. Summit No. 27506, 2015-Ohio-752, ¶ 9.

{¶4} In 2015, Mr. Coleman filed a motion to withdraw his plea arguing that he received ineffective assistance of counsel and the fact that violations of *Brady v. Maryland,* 373 U.S. 83 (1963), had occurred and the fact that the trial court sentenced him on allied offenses further demonstrated his counsel's ineffectiveness and the defectiveness of his plea. The State opposed the motion. In denying his motion, the trial court relied on *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94 (1978) and the doctrine of res judicata.

{¶5} Mr. Coleman filed a request for a delayed appeal, which this Court granted. Mr. Coleman, appearing pro se, has raised four assignments of error for our review, which we will consider together to facilitate our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. COLEMAN] WHEN IT HELD THAT [MR. COLEMAN'S] MOTION TO WITHDRAW HIS GUILTY PLEA WA[S] BARRED BY RES JUDICATA AND BY THE LACK OF JURISDICTION[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. COLEMAN] WHEN IT DENIED HIS MOTION TO WITHDRAW[] HIS GUILTY PLEA WITHOUT HOLDING AN EVIDENTIARY HEARING BECAUSE THE FACTS ALLEGED BY [MR. COLEMAN], IF ACCEPTED AS TRUE, WOULD HAVE REQUIRED GRANTING A WITHDRAWAL AND SUCH FACTS WERE SUFFICIENTLY CORROBORATED AND PRODUCED A PREPONDERANCE OF EVIDENCE.

**ASSIGNMENT OF ERROR III**

TRIAL COUNSEL'S NUMEROUS DEFICIENCIES AND FAILURE TO INVESTIGATE IN ORDER TO STRUCTURE A PLAUSIBLE DEFENSE PRIOR TO ADVISING [MR. COLEMAN] TO CHANGE HIS PLEA OT GUILTY NOT ONLY CAUSED CUMULATIVE PREJUDICE BUT VIOLATED THE 4TH AND 6TH AMENDMENTS TO THE US CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND VIOLATED CRIM[.R.] 16(A) AND (D) AND 12(D) OF THE COURT ROOM PROCEDURES AND ADVOCATE RULE 3.1(1), AND (2) UNDER THE OHIO RULES OF PROFESSIONAL CONDUCT[.]

**ASSIGNMENT OF ERROR IV**

TRIAL COURT AND COUNSEL'S FAILURE TO INQUIRE INTO ALLIED OFFENSES AT SENTENCING HEARING IS PLAIN ERROR AND VIOLATED THE 8TH AMENDMENT TO THE US CONSTITUTION AND CRIM[.R.] 52(B)[.]

**{¶6}** Mr. Coleman asserts in his first assignment of error that the trial court erred in concluding it lacked jurisdiction to consider his motion and in relying on res judicata in denying his motion. In his second assignment of error, Mr. Coleman asserts that the trial court erred in failing to hold a hearing on his motion. In his third and fourth assignments of error, Mr. Coleman argues issues related to the merits of his claims.

**{¶7}** In *Special Prosecutors,* the Supreme Court of Ohio held that:

Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id.* at 97-98; *see also State v. Calhoun,* 9th Dist. Summit No. 27059, 2014-Ohio-2628, ¶ 5.

**{¶8}** Mr. Coleman filed a direct appeal, and this Court affirmed his convictions. *Coleman I,* 2012-Ohio-1712, at ¶ 14. Thus, pursuant to *Special Prosecutors*, the trial court

lacked jurisdiction to consider Mr. Coleman's motion to withdraw his guilty plea. *See Calhoun* at ¶ 6; *State v. Brown,* 9th Dist. Summit No. 27749, 2016-Ohio-1066, ¶ 9. Accordingly, the trial court was without authority to hold a hearing on his motion. Additionally, to the extent that Mr. Coleman raised issues that were, or could have been, raised on direct appeal, res judicata also would bar the consideration of those issues. *See Calhoun* at ¶ 7.

{¶9} In light of the foregoing, we cannot conclude that the trial court erred in denying Mr. Coleman's motion to withdraw his guilty plea. Mr. Coleman's assignments of error are overruled.

III.

{¶10} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TROY W. COLEMAN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.