[Cite as *State v. Morris*, 2017-Ohio-280.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DAVID C. MORRIS

    Appellant

C.A. No.    28124

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 87 04 0423 (A)

DECISION AND JOURNAL ENTRY

Dated: January 25, 2017

WHITMORE, Judge.

{¶1}    Appellant, David C. Morris, appeals an order of the Summit County Court of Common Pleas that denied his motion to withdraw a guilty plea and a motion styled "Motion to Correct the Record." This Court affirms.

I

{¶2}    In 1987, Morris was charged with numerous felony offenses related to the murder of Joseph Mitri. Morris pleaded guilty to some of the charges, and the rest were tried to a three-judge panel after Morris waived his right to a jury trial. Morris appealed, and this Court affirmed his convictions in *State v. Morris*, 9th Dist. Summit No. 13366, 1988 WL 40387 (Apr. 27, 1988). Morris also filed an untimely petition for postconviction relief. The trial court denied that petition, and this Court affirmed. *State v. Morris*, 9th Dist. Summit No. 24613, 2009-Ohio-3183. Morris continued to file postconviction motions in the trial court, which the trial court denied.

{¶3}  Most recently, Morris moved the trial court to withdraw his guilty plea under Crim.R. 32.1. Two months later, when the trial court had not yet ruled on that motion, Morris moved "to Correct the Record," reiterating the arguments set forth in his motion to withdraw his guilty plea and requesting the correction of various alleged deficiencies in the trial record. The trial court denied both motions, and Morris filed this appeal. His second assignment of error is dispositive, so we address it first.

II

**Assignment of Error Number Two**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [MORRIS'S] MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT REVIEWING A TRANSCRIPT FOR THE CHANGE OF PLEA HEARINGS AND WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON [MORRIS'S] MOTION.

{¶4}  Morris's second assignment of error is that the trial court erred by denying his motions without a hearing. We disagree.

{¶5}  In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978), the Ohio Supreme Court held that a trial court does not have jurisdiction to grant a motion to withdraw a guilty plea under Crim.R. 32.1 after an appeal has been filed and the convictions have been affirmed. "While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Id.* *See also State v. Coleman*, 9th Dist. Summit No. 28044, 2016-Ohio-5309.

{¶6}    Mr. Morris filed a direct appeal, and this Court affirmed his convictions.  Under *Special Prosecutors*, therefore, the trial court did not have jurisdiction to consider Morris's motion to withdraw his guilty plea.  *See Coleman* at ¶ 8.  In addition, to the extent that Morris raised other issues in his "Motion to Correct the Record," those issues could have been raised on direct appeal.  Consequently, res judicata barred the trial court's consideration of them.  *See State v. Calhoun*, 9th Dist. Summit No. 27059, 2014-Ohio-2628, ¶ 7-8.

{¶7}    Morris's second assignment of error is overruled.

### Assignment of Error Number One

THE TRIAL COURT IMPOSED A VOID SENTENCE WHEN IT SENTENCED THE APPELLANT TO NATURAL LIFE FOR AN AGGRAVATED MURDER CONVICTION IN 1987.

### Assignment of Error Number Three

TRIAL COUNSEL WAS WILLFULLY INEFFECTIVE WHEN HE ADVISED THE DEFENDANT INTO ENTERING INTO SOME KIND OF AN UNCONSTITUTIONAL PLEA AGREEMENT.

### Assignment of Error Number Four

APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER INTO A PLEA AGREEMENT WITH THE STATE WHEN THE PLEA AGREEMENT DID NOT COVER ALL TEN COUNTS IN THE INDICTMENT.

### Assignment of Error Number Five

THE TRIAL COURT COMMITTED AN ERRONEOUS INTERPRETATION OF THE LAW WHEN IT ACCEPTED THE PLEA AGREEMENT IN THIS MATTER.

{¶8}    Morris's remaining assignments of error address the merits of his motion to withdraw his guilty plea.  In light of our resolution of Morris's second assignment of error, the rest of his assignments of error are moot.  *See* App.R. 12(A)(1)(c).

III

**{¶9}** Morris's second assignment of error is overruled. His remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

SCHAFER, J.
CONCURS.

5

CARR, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶10} I concur in judgment only, as I would overrule the first assignment of error based on our analysis in *State v Wright*, 9th Dist. Summit No. 27880, 2016-Ohio-3542.


<u>APPEARANCES:</u>

DAVID C. MORRIS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.