[Cite as *State v. Mulkey*, 2020-Ohio-3531.]

STATE OF OHIO )
)ss:
COUNTY OF SUMMIT )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

BRIAN MULKEY

    Appellant

C.A. No.    29380

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    93 CRB 4472

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, Brian Mulkey, appeals an order of the Akron Municipal Court that denied his post-sentence motion to withdraw a no-contest plea. This Court affirms.

I.

{¶2} Mr. Mulkey pleaded no contest to a domestic violence charge in 1993, and the trial court sentenced him to six months of probation. Mr. Mulkey did not file an appeal. Twenty-six years later, Mr. Mulkey moved the trial court to withdraw that plea, arguing, in part, that he "did not understand the nature of the disabling and [enhanceability] [e]ffect of a Guilty finding in a Domestic Violence case." The only evidence that Mr. Mulkey submitted in support of his motion was his own one-page affidavit. The trial court denied the motion without a hearing, concluding that Mr. Mulkey's arguments were barred by application of res judicata and, in the alternative, that he had not demonstrated that he suffered a manifest injustice. Mr. Mulkey appealed.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF NO CONTEST[.]

**{¶3}** Mr. Mulkey's first assignment of error is that the trial court abused its discretion by denying his post-sentence motion to withdraw his no-contest plea. This Court does not agree.

**{¶4}** "A motion to withdraw a plea of * * * no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Post-sentence relief under Crim.R. 32.1 is only available in extraordinary cases characterized by "a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." *State v. Straley*, Slip Opinion No. 2019-Ohio-5206, ¶ 14. Res judicata bars the assertion of claims against a judgment of conviction in a motion under Crim.R. 32.1 when those claims were or could have been raised on direct appeal. *Straley* at ¶ 15, 23; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. This Court reviews a decision to grant or deny a motion to withdraw a plea for an abuse of discretion. *See State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.

**{¶5}** In support of his motion to withdraw his no-contest plea, Mr. Mulkey argued that his plea was not knowingly, voluntarily, and intelligently made because the trial court did not comply with Crim.R. 11(D). Mr. Mulkey could have raised this argument in a direct appeal. *See Straley* at ¶ 23, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph one of the syllabus; *Ketterer* at ¶ 59-60. *See also State v. Cagle*, 9th Dist. Medina No. 19CA0058-M, 2020-Ohio-316, ¶ 5. Accordingly, the trial court did not abuse its discretion by denying his motion to withdraw his no-contest plea.

{¶6}    Mr. Mulkey's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD A
HEARING[.]

{¶7}    In his second assignment of error, Mr. Mulkey argues that the trial court erred by failing to hold a hearing on his motion to withdraw his no-contest plea.  This Court disagrees.

{¶8}    When a defendant moves to withdraw a plea before sentencing, the trial court must conduct a hearing in order to determine whether there is "a reasonable and legitimate basis" for the motion.  *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus.  On the other hand, when a defendant moves to withdraw a plea after sentencing, a hearing is not required when the record indicates that the defendant is not entitled to relief and the defendant fails to submit evidentiary materials demonstrating a manifest injustice.  *State v. Razo*, 9th Dist. Lorain No. 05CA008639, 2005-Ohio-3793, ¶ 20, citing *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003-Ohio-1001, ¶ 15.  A trial court need not conduct an evidentiary hearing when the record demonstrates that arguments in support of a post-sentence motion to withdraw a plea are barred by application of res judicata.  *See State v. Brown*, 9th Dist. Summit No. 27749, 2016-Ohio-1066, ¶ 9; *State v. Sebestyen*, 9th Dist. Medina No. 12CA0055–M, 2013-Ohio-2606, ¶ 10.

{¶9}    The record in this case demonstrated that Mr. Mulkey's claims were barred by application of res judicata, and the trial court did not err by denying his motion to withdraw his no-contest plea without a hearing.  Mr. Mulkey's second assignment of error is, therefore, overruled.

III.

{¶10}  Mr. Mulkey's assignments of error are overruled.  The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

CHARLES W. OLMINSKY, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and GERTRUDE E. WILMS, Assistant Director of Law, for Appellee.